UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REDEMPTER ISIAHO AND TERESSA WILLIAMS
ON BEHALF OF THEMSELVES AND ON BEHALF
OF ALL OTHERS WHO ARE SIMILARLY
SITUATED, PLAINTIFFS

VS.                                         C.A. NO. 12-CV-30137-KPN

KEY PROGRAM, INC., WILLIAM LYTTLE,
WESLEY J. COTTER, MICHAEL KAN,
DEFENDANTS

**PLAINTIFFS' UNOPPOSED MOTION FOR ADDITIONAL COMPENSATION
AND ATTORNEY'S FEES AND COSTS**

Plaintiffs move for approval of their attorney's fees, costs, costs of settlement administration and additional compensation. That portion of the motion is unopposed.

On June 18, 2014, the Court granted preliminary approval of this settlement and certified the state law claims in this case seeking damages and injunctive relief for class action treatment pursuant to Fed. R. Civ. P. 23(b)(3) for settlement purposes. The Court had previously established the federal claims as a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, as amended ("FLSA") and specifically pursuant to 29 U.S.C. § 216(b). The proposed settlement contemplates comprehensive class-wide relief on the claim set forth in the agreement and preserves certain claims on behalf of the class and individual class members.

Rule 23(e)(1)(A) requires the Court's approval of the settlement if, after hearing, the Court concludes that the terms of the settlement are "fair, reasonable and adequate" in accordance with Fed R. Civ. P. 23(e)(1)(C). *See generally,* Manual for Complex Litigation (Fourth) § 21.634-635 (2004). In addition, under 29 U.S.C. § 216(b), the Court should review the proposed settlement on behalf of the participants and should approve it as to all if the settlement terms are fair and

1

adequate. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Plaintiffs move for additional compensation as representative plaintiffs. The settlement contemplates an award of additional compensation for the named Plaintiffs of $18,000.00 as set forth in the notice sent to the class. "Courts routinely approve incentive awards to compensate representative plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (citations omitted); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding incentive awards ranging from $35,000 to $50,000 and citing cases); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (granting request for $25,000 incentive award). As set forth in the memorandum in support of this motion, the $9000 per plaintiff is within reasonable amounts for such an award given the amount of effort expended by the plaintiffs and they seek such an award from the court.

An award of attorney's fees based upon the amount of fees inclusive of costs as set forth in the Stipulation and Settlement Agreement and Consent Decree preliminarily approved by the Court. As set forth in more detail in the accompanying Memorandum, attorneys' fees in a class action settlement will generally be awarded using the percentage of-fund-approach. *In re Thirteen Appeals Arising out of the San Juan DuPont Plaza Hotel Fire Litigation,* 56 F.3d 295, 307 (1st Cir. 1995); *In re Conley Pharm., Inc., Sec. Litig.* C.A. No. 94-11897-WGY (D. Mass. Feb. 8, 1996) (fee equal to 1/3 of the fund awarded); *In re Cambridge Biotech Corp., Sec Litig*. C.A. No. 93-12486-REK (D. Mass. Apr. 4, 1996)(30% of the value of the fund awarded as attorney's fees); *In re Gillette Sec. Litig*. C.A. No. 88-1858-K (D. Mass. Mar. 30, 1994)(35% of common fund awarded as attorney's fees). 40-50% has been approved as the upper limits. *See e.g. In re Ampicillin Antitrust Litig.*, 526 F.Supp. 494 (D.D.C. 1981) (45%).

Here, in Section D (8)(c) of the proposed Consent Decree filed with the Court and approved on June 18, 2014, the parties agreed that class counsel be awarded:

> From the Maximum Settlement Amount, an amount approved by the Court, not to exceed One Hundred Forty-Three Thousand and Five Hundred Dollars ($143,500.00) shall be paid to counsel for Plaintiffs in full settlement of Defendants' liability for attorneys' fees, costs and expenses for services performed and to be performed through the entry of Final Judgment. The parties understand that the Plaintiffs' Counsel will be seeking $129,150 as fees and costs.

The $129,150 sought by the plaintiffs and agreed to by the defendants in the Consent Decree is exactly is *inclusive* of the costs attributable to the claims settled under the Consent Decree and for also for full administration of the settlement. Because costs and administration are included in the total, the amount awarded is actually less than most awards generally considered by Courts at the low end of awards to class counsel in class settlements such as the settlement now before the Court and is thus reasonable.

The award requested by class counsel also reflects the risk incurred by counsel for plaintiffs. It also reflects the skill and quality of class counsel's work for services performed and to be performed through the grant of final approval to the settlement and the payout of the class fund to class members, as well as the mission of class counsel's law firm to serve as a private legal aid firm and to pursue claims for those litigants whose financial circumstances might prevent them from securing representation by counsel.

WHEREFORE, plaintiffs pray that after the Fairness Hearing their Motion be granted and that the Court grant those fees as requested and additional compensation as requested and approve the Stipulation and Settlement Agreement and Consent Decree as fair, reasonable, and adequate.

Dated:  September 18, 2014


Respectfully submitted,

Plaintiffs,
By their attorney,


\_\_\_/s/ Suzanne Garrow\_\_
Suzanne Garrow

Suzanne Garrow BBO# 636548
Heisler, Feldman, McCormick
        & Garrow, PC
1145 Main Street, Ste. 508
Springfield, MA  01103
Phone (413) 788-7988