UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REDEMPTER ISIAHO AND TERESSA )
WILLIAMS on behalf of themselves )
and on behalf of others who are )
similarly situated, )
)
                   Plaintiffs, )
)
       v. )   Civil Action No. 12-CV-30137-KPN
)
)
KEY PROGRAM, INC., WILLIAM )
LYTTLE, WESLEY J. COTTER, )
and MICHAEL KAN, )
)
                 Defendants. )

ORDER GRANTING FINAL APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT
October 9, 2014

      The Motion for Final Approval of Class Action and Collective Action Settlement and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs came on for hearing before this court on October 9, 2014. The proposed settlement was preliminarily approved by the court on June 18, 2014. Pursuant to the court's Preliminary Approval Order and the Notice provided to the Class, the court conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e). The court has reviewed the materials submitted by the parties and heard arguments presented by counsel at the hearing.

      After hearing thereon and consideration thereof, the court hereby GRANTS the Motion for Final Approval of Class and Collective Action Settlement and Plaintiffs' Motion for Attorneys' Fees and Costs, and ORDERS as follows:

1. The court hereby grants final approval of the Class Action and Collective Action Settlement based on the terms set forth in the Preliminary Approval Order and the Stipulation and Settlement Agreement ("Settlement") filed by the parties. The Settlement appears to be fair, adequate and reasonable to the Class.

2. The court finds that this action satisfies the requirements of Rule 23 for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representative and Class Counsel.

3. The Notice approved by the court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members. In addition, followup efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. In the end, only two Notices were returned as undeliverable. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement, the request for an enhancement award to the Named Plaintiffs, and Class Counsel's motion for an award of attorneys' fees and costs.

4. The court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the court with jurisdiction over the Class Members.

5. The Court concludes that the Settlement as set forth in the Stipulation and Settlement Agreement executed by the parties is fair and reasonable under state and federal law. The court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the $430,500.00

Settlement Amount established pursuant to the Settlement.

6. The Settlement is hereby approved in its entirety.

7. The Settlement Fund shall be disbursed in accordance with the Settlement.

8. Pursuant to the Settlement, the court approves an enhancement award in the amount of $9,000 to each of the Named Plaintiffs/Class Representatives.

9. Plaintiffs' application for attorneys' fees, costs and expenses for class administration in the amount of $129,150.00 is hereby granted.

10. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his or her own costs, except as set forth herein, and with this court retaining exclusive jurisdiction to enforce the Settlement, including disbursement of the Settlement Amount.

11. As provided in the Settlement, all Rule 23 Class Members have released all Released State Law Claims against the Defendant Releasees as defined in the Settlement.

12. As provided in the Settlement, all FLSA Class Members have released all Released Federal Law Claims against the Defendant Releasees as defined in the Settlement.

13. This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation, except the instant litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.

14. The court hereby enters Judgment approving the terms of the Settlement. This

Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.


 /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge